# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MONSTER ENERGY COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZHENG PENG, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 17-cv-414 <br><br> Judge Robert M. Dow, Jr. |

## MEMORANDUM OPINION AND ORDER AND FINAL JUDGMENT

Monster Energy Company ("MEC" or "Plaintiff") brings this action for federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II), violation of the Illinois Uniform Deceptive Trade Practices Act ("UDTPA") (Count III), and federal copyright infringement (Count IV) and seeking statutory damages and injunctive relief against the Defendants identified by and operating at least the Internet stores kungfugraphics, Best Auto Company Store, maple-today, lijingyan_0, kind-company, willingstore16, changliang1990, Mustoe-China, huizheng1029, qiushuangwuqing, hydro, benshunbao2014_5, Wynn Bibi, haiyang20910, 3349776, easel, and luxury86 (collectively, "Defendants").

This matter is before the Court on Plaintiff's motion for summary judgment [47]. Defendants have failed to respond to the motion. For the reasons explained below, the Court grants Plaintiff's motion for summary judgment [47] and enters summary judgment in favor of Plaintiff on its claims for federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II), violation of the UDTPA (Count III), and federal copyright infringement (Count IV). The Court also enters a permanent injunction and awards Plaintiff its attorneys' fees and costs. Final Judgment is entered for Plaintiff and against Defendants.

Plaintiff may file a bill of costs and fee petition by November 22, 2017; if Defendants wish to respond to either or both, they may do so by December 20, 2017; Plaintiff's reply, if any, is due by January 8, 2018. The Court will issue a ruling by mail on costs and attorneys' fees.

## I. Background

### A. Local Rule 56.1

The Court takes the relevant facts primarily from Plaintiff's Local Rule 56.1 Statement of Material Facts and supporting exhibits. See [49], [50], [51], [52]. Defendants failed to respond to Plaintiff's Local Rule 56.1 Statement of Material Facts, and therefore admit all facts set forth therein. See Local Rule 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Friend v. Valley View Cmty. Unit Sch. Dist. 365U*, 789 F.3d 707, 710 (7th Cir. 2015) (district court properly deemed admitted facts asserted by defendants as penalty for student's noncompliance with Local Rule 56.1); *Mintjal v. Prof'l Benefit Trust*, 146 F. Supp. 3d 981, 985 (N.D. Ill. 2015) ("the penalty for failing to properly respond to a movant's 56.1(a) statement is usually summary judgment for the movant (at least if the movant has done his or her job correctly) because the movant's factual allegations are deemed admitted" (internal quotation marks and citation omitted)).

### B. Plaintiff

Plaintiff develops, markets, sells and distributes beverages, including energy drinks. In 2002, Plaintiff launched its MONSTER ENERGY® brank of drinks, bearing its MONSTER ENERGY mark ("Claw Icon Mark") and copyrighted design ("Monster Energy Copyrighted Design"):



Plaintiff also use the Claw Icon Mark and Monster Energy Copyrighted Design in connection with a large variety of other products, including, but not limited to, stickers, clothing items, helmets, headgear, sports gear, and sports bags that bear the Claw Icon Mark, MONSTER™ mark, MONSTER ENERGY® MARK, and/or the Monster Energy Copyrighted Design (collectively, the "Monster Energy Products").

Since the initial launch of its original MONSTER ENERGY® drink in 2002, Plaintiff's Claw Icon Mark, MONSTER™ mark, MONSTER ENERGY® mark, and the Monster Energy Copyrighted Design are and have been the subject of substantial and continuous marketing and promotion by Plaintiff in connection with its MONSTER™ line of drinks and MONSTER™ apparel and accessories.

### C. Plaintiff's Trademarks

Plaintiff holds numerous U.S. federal trademark registrations for its trademarks, including the trademark registrations set forth in the chart at the end of this opinion (collectively referred to herein as the "MONSTER ENERGY Trademarks"). The MONSTER ENERGY Trademarks are valid, subsisting, and in full force and effect. Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration Nos. 3,963,669 and 3,963,668 are incontestable (the "Incontestable MONSTER ENERGY Trademarks"). Incontestable status under 15 U.S.C. § 1065 provides that the registrations for the Incontestable MONSTER ENERGY Trademarks are "conclusive evidence of the validity of the registered mark and of the registration of the mark, of the

registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." 15 U.S.C. §§ 1115(b).

### D. Plaintiff's Copyrighted Design

Plaintiff is the owner of the Monster Energy Copyrighted Design, which it has registered with the United States Copyright Office. The registrations include, but are not limited to, "Stylized claw with jagged edges (original version)" (U.S. Copyright Registration No. VA 1-789-900), issued by the Register of Copyrights on October 11, 2011, and the corresponding supplemental registration changing ownership name from Hansen Beverages Company to Monster Energy Company: VA 1-433-242.

### E. Defendants

Defendants have engaged in the advertising, offering for sale, and/or selling unauthorized and unlicensed products using counterfeit reproductions of Plaintiff's federally registered, famous and well-known trademarks, unauthorized copies of Plaintiff's federally registered copyright designs, or both through the fully interactive, commercial Internet stores kungfugraphics, BestAuto Company Store, maple-today, lijingyan_0, kind-company, willingstore16, changliang1990, MKStore-China, huizheng1029, qiushuangwuqing, hwydo, benshunbao2014_5, wynnbibi, haiyang20910, 3349776, erasable, and luxury86 (the "Defendant Internet Stores"). Specifically, Defendants offered for sale and/or sold unauthorized and unlicensed gloves, stickers and/or decals, backpacks and sports helmets using counterfeit reproductions of the MONSTER ENERGY Trademarks. Defendants also offered for sale and/or sold unauthorized and unlicensed automotive accessories bearing unauthorized copies of the Monster Energy Copyrighted Design.

Plaintiff has not authorized or licensed the Defendants to use the MONSTER ENERGY Trademarks or the Monster Energy Copyrighted Design on or in connection with the Defendant Internet Stores. Defendants are not authorized retailers of genuine Monster Energy Products, and the products advertised, offered for sale and/or sold on the Defendant Internet Stores are not genuine Monster Energy Products.

## II. Summary Judgment Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court "must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Majors v. Gen. Elec. Co.*, 714 F.3d 527, 532-33 (7th Cir. 2013) (citation omitted).

To avoid summary judgment, the nonmoving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 250. Summary judgment is proper if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Ellis v. CCA of Tennessee LLC,* 650 F.3d 640, 646 (7th Cir.

2011) (quoting *Celotex,* 477 U.S. at 322). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Liberty Lobby*, 477 U.S. at 252.

## III.     Analysis

### A.     Trademark Infringement and Counterfeiting, False Designation of Origin, and Violation of the UDTPA

Plaintiff moves for entry of summary judgment against Defendants for federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II), and violation of the UDTPA (Count II) for six unique mark/good combinations, which are set forth in the chart included in Plaintiff's summary judgment brief, [48] at 18-19.

A defendant is liable for trademark infringement and counterfeiting under the Lanham Act if it, "without the consent of the registrant, use[s] in commerce, any reproduction, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods … which such use is likely to cause confusion, or to cause mistake or to deceive." 15 U.S.C. § 1114(1).

Section 43(a) of the Lanham Act further imposes liability upon a defendant who "on or in connection with any goods or services ... uses in commerce any ... false designation of origin, false or misleading description of fact, or false or misleading misrepresentation of fact, which is likely to cause confusion or to cause mistake, or to deceive as to the ... origin, sponsorship, or approval of his or her goods ... by another person." 15 U.S.C. § 1125(a)(1). Plaintiff's claims under Section 43(a) of the Lanham Act and the UDTPA involve the same elements. See

*Packaging Supplies, Inc. v. Harley-Davidson, Inc*., 2011 WL 1811446, at *5 (N.D. Ill. May 12, 2011).  Under the UDTPA, a defendant is liable for, among other things, (1) passing off goods as those of another; (2) causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods; or (3) causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with another.  815 Ill. Comp. Stat. 510/2(a).

Applying these standards to the undisputed facts, the Court concludes that Plaintiff satisfies all requirements to prevail on its trademark infringement, counterfeiting, and UDTPA claims.  Plaintiff's MONSTER ENERGY Trademarks are registered with the United States Patent and Trademark Office on the Principal Register.  The issuance of federal registrations on the Principal Register constitutes "prima facie evidence of the validity" of Plaintiff's registered trademarks and of the registration of the marks, of Plaintiff's "ownership of the mark[s]," and of the Plaintiff's "exclusive right to use the registered mark[s] in commerce."  15 U.S.C. §§ 1115(a), 1057(b).  Defendants do not contest the validity of Plaintiff's registered trademarks or the registration of the marks.

Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration Nos. 3,963,669 and 3,963,668 are incontestable.  Incontestable status under 15 U.S.C. § 1065 provides that the registrations for the Incontestable MONSTER ENERGY Trademarks are "conclusive evidence" of their validity and the validity of the registration of the marks, of Plaintiff's ownership of the marks, and of Plaintiff's exclusive right to use the marks in commerce.  15 U.S.C. §§ 1115(b), 1065.  Therefore, the Court concludes that no genuine issue of material fact as to whether Plaintiff has valid and exclusive rights in the MONSTER ENERGY Trademarks.

The undisputed facts show that Defendants advertised, offered for sale and/or sold products using the MONSTER ENERGY Trademarks via the Defendant Internet Stores. Defendants are not authorized retailers of genuine MEC products, and the products advertised, offered for sale and/or sold using the MONSTER ENERGY Trademarks on the Defendant Internet Stores are not genuine MEC products.

The Court further concludes that the six mark/good combinations used on Defendants' products, see [48] at 18-19, are identical to, or substantially indistinguishable from, the registered MONSTER ENERGY Trademarks, and therefore are counterfeit. See 15 U.S.C. § 1127.

Finally, the Court concludes that Defendants' misuse of Plaintiff's trademarks creates a likelihood of confusion among consumers. Where, as here, "one produces counterfeit goods in an apparent attempt to capitalize upon the popularity of, and demand for, another's product, there is a presumption of a likelihood of confusion." *Luxottica Group S.p.A., et al. v. Light In The Box Limited*, 2016 U.S. Dist. LEXIS 144660, at *24 (N.D. Ill. Oct. 19, 2016) (citing *Microsoft Corp. v. Rechanik*, 249 F. App'x 476, 479 (7th Cir. 2007)). Defendants do not dispute this element of the trademark claim. Accordingly, the Court can presume a likelihood of confusion from Defendants' use of the MONSTER ENERGY Trademarks.

Therefore, the Court concludes that Plaintiff is entitled to summary judgment on its claims for federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II), and violation of the UDTPA (Count II).

### B. Copyright Infringement

Plaintiff also moves for summary judgment on its federal copyright infringement claim (count IV). The United States Copyright Act provides that "[a]nyone who violates any of the exclusive rights of the copyright owner … is an infringer of the copyright." 17 U.S.C. § 501(a).

The Copyright Act grants a copyright owner the exclusive rights to reproduce, prepare derivative works, distribute copies of, and display a copyrighted design to the public. 17 U.S.C. § 106. To establish a claim for copyright infringement, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007) (internal quotation marks and citation omitted). Copying can be shown through direct evidence, or it can be inferred where a defendant had access to the copyrighted work and the accused work is substantially similar. *Spinmaster, Ltd. v. Overbreak LLC*, 404 F. Supp. 2d 1097, 1103 (N.D. Ill. 2005). To determine whether there is a substantial similarity that indicates infringement, Courts use the "ordinary observer" test, which asks whether "'the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated protectable expression by taking material of substance and value.'" *Id.* at 1105 (quoting *Incredible Technologies, Inc. v. Virtual Technologies, Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005)). A work may be deemed infringing if it captures the "'total concept and feel of the copyrighted work.'" *Id.* (quoting *Atari, Inc. v. North American Philips Consumer Electronics Corp.*, 672 F.2d 607, 614 (7th Cir. 1982)).

Defendants admit in their answer (as well as by failing to respond to Plaintiff's motion for summary judgment) that Plaintiff is the owner of a valid and enforceable Monster Energy Copyrighted Design, which contains certain copyrightable subject matter under 17 U.S.C. §§ 101, *et seq.*, and which is registered with the United States Copyright Office. Defendants also admit that the registrations include, but are not limited to, "Stylized claw with jagged edges (original version)" (U.S. Copyright Registration No. VA 1-789-900), issued by the Register of Copyrights on October 11, 2011, and the corresponding supplemental registration changing

ownership name from Hansen Beverages Company to Monster Energy Company: VA 1-433-242. Defendants further admit that among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are the exclusive right to reproduce, prepare derivative works of, distribute copies of, and display the Monster Energy Copyrighted Design to the public. Therefore, there is no genuine issue of material fact as to whether Plaintiff has valid and exclusive rights in the Monster Energy Copyrighted Design.

It is also undisputed that Defendants copied constituent elements of Plaintiff's Monster Energy Copyrighted Design. The side-by-side comparison provided in Plaintiff's brief, see [48] at 23, shows that Defendants' Unauthorized Monster Energy Products are virtually identical to and/or are substantially similar to the look and feel of the Monster Energy Copyrighted Design. The Court therefore concludes that Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and incorporating it in the Unauthorized Monster Energy Products to capture the total concept and feel of the Monster Energy Copyrighted Design, in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5). The Court grants summary judgment in favor of Plaintiff on its federal copyright infringement claim (count IV).

### C. Statutory Damages

Plaintiff seeks an award of statutory damages as authorized by 15 U.S.C. § 1117(c) for trademark counterfeiting for Defendants' advertising, offering for sale and/or sale of Unauthorized Monster Energy Products. Specifically, Plaintiff requests that the Court award it at least $100,000 for each of six mark-good combinations ($600,000 total) against the Defendants for willful counterfeiting of the MONSTER ENERGY Trademarks and at least fifty thousand dollars ($50,000) for willful copyright infringement of the Monster Energy Copyrighted Design.

Pursuant to the statutory damages provision of the Lanham Act, 15 U.S.C. § 1117(c), a plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is found to be willful, 15 U.S.C. § 1117(c)(2) provides for statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2).

Pursuant to the statutory damages provision of the Copyright Act, 17 U.S.C. § 504(c), a plaintiff in a case involving copyright infringement may elect to receive statutory damages of "not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). When the copyright infringement is found to be willful, 17 U.S.C. § 504(c)(2) provides for statutory damages "to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

"Willful infringement may be attributed to the defendant's actions where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights." *Luxottica Group S.p.A. v. Chen*, 2017 WL 836228, at *2 (N.D. Ill. Mar. 2, 2017). Knowledge need not be proven directly, but can be inferred from a defendant's conduct. *Id*. In awarding statutory damages, the Court is "not required to follow any rigid formula," but instead "enjoys wide discretion." *Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229 (7th Cir. 1991). The Court may consider "various factors," including "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement." *Id*. (internal quotation marks and citation omitted).

As the Court determined above, there is no genuine issue of material fact as to whether Defendants have infringed the MONSTER ENERGY Trademarks and Monster Energy Copyrighted Design. Further, the Court concludes that there is no genuine issue of material fact as to whether Defendants' infringement was willful. It is undisputed that, because of Plaintiff's advertising and promotional efforts and its continuous use of the MONSTER ENERGY Trademarks for more than a decade, MEC is among the most recognized energy drink brands in the United States, and the MONSTER ENERGY Trademarks and Copyrighted Design have become famous. Defendants used marks and designs that were virtual identical to Plaintiff's. The only reasonable inference from this evidence is that Defendants were, at the very least, aware of the possibility that they were selling infringing products. Therefore, the Court concludes that Plaintiff's use of the Trademarks and Copyrighted design was willful.

The statutory damages that Plaintiff has requested fall well within the range of damages authorized by 15 U.S.C. § 1117(c) for willful trademark infringement and 17 U.S.C. § 504(c) for willful copyright infringement. Defendants offer no response to Plaintiff's damages requests. The Court concludes that Plaintiff's requests are reasonable, would not give Plaintiff a windfall, and could serve to deter Defendants from engaging in further infringements. The Court awards Plaintiff $100,000 for each of six mark-good combinations ($600,000 total) against the Defendants for willful counterfeiting of the MONSTER ENERGY Trademarks and fifty thousand dollars ($50,000) for willful copyright infringement of the Monster Energy Copyrighted Design.

### D. Permanent Injunction

Pursuant to 15 U.S.C. § 1116(a), the Court will also enter a permanent injunction enjoining Defendants from advertising, offering for sale, and/or selling Unauthorized Monster

Energy Products or otherwise violating Plaintiff's rights in the MONSTER ENERGY Trademarks and the Monster Energy Copyrighted Design. See *Monster Energy Company v. Xianda Lin, et al*., No. 1:16-cv-00622 (N.D. Ill. Mar. 14, 2016) (permanently enjoining and restraining defendants from selling counterfeit products). Evidence submitted in support of Plaintiff's motion for summary judgment and in support of Plaintiff's previously granted motion for entry of a temporary restraining order and motion for entry of a preliminary injunction establish that Plaintiff is entitled to a permanent injunction. The first two requirements for permanent injunctive relief, irreparable harm and inadequate remedy at law, are presumed in trademark and copyright infringement cases. See *Eli Lilly & Co. v. Natural Answers, Inc*., 2333 F.3d 456, 469 (7th Cir. 2000); *Atari*, 672 F.2d at 620; *MetroPCS v. Devor*, 215 F. Supp. 3d 626, 639 (N.D. Ill. 2016). Defendants have made no attempt to rebut this presumption. Considering the balance of hardships between Plaintiff and Defendant, a remedy in equity is warranted. Defendant has no right to use Plaintiff's protected marks, and Defendants' infringement has caused Plaintiff to spend substantial time and money policing its marks. Finally, the public interest would not be disserved by a permanent injunction because "the public interest lies in favor of upholding property interests in trademarks and preventing customer confusion." *MetroPCS*, 215 F. Supp. 3d 626, 640 (N.D. Ill. 2016).

### E. Attorneys' Fees and Costs

Plaintiff requests that Defendants be required to pay its attorneys' fees and costs. Pursuant to 15 U.S.C. § 1117(b), in a case involving use of a counterfeit mark, the court shall, unless it finds extenuating circumstances, award a reasonable attorney's fee if the violation consists of intentionally using a mark, knowing such mark is a counterfeit mark, in connection with the sale, offering for sale, or distribution of goods. 15 U.S.C. § 1117(b); see *also Luxottica*

*USA LLC v. The Partnerships and Unincorporated Associations Identified On Schedule "A"*, 2015 WL 3818622, at *5 (N.D. Ill. June 18, 2015). Thus, if a defendant is liable because it was willfully blind, or because it knew the products it was selling were counterfeit, an award of attorney's fees is mandatory under § 1117(b), absent extenuating circumstances. *Tony Jones Apparel, Inc. v. Indigo USA LLC*, 2005 WL 1667789, at *9 (N.D. Ill. July 11, 2005).

The Court concludes that Plaintiff is entitled to an award of its reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117(a) and (b) because it is undisputed that Defendants knowingly and willfully advertised, offered for sale and/or sold Unauthorized Monster Energy Products. The Court directs Plaintiff to file a bill of costs and fee petition by November 22, 2017.

## IV. Final Judgment

This Court having entered, upon a showing by Plaintiff, a temporary restraining order and preliminary injunction against Defendants which included an asset restraining order;

Plaintiff having shown that there is no genuine dispute as to any material fact regarding Defendants' liability for willful trademark infringement and counterfeiting, false designation of origin using counterfeit trademarks, violation of the Illinois Uniform Deceptive Trade Practices Act and copyright infringement;

THIS COURT HEREBY FINDS that, pursuant to Fed. R. Civ. P. 56(a), Plaintiff is entitled to judgment as a matter of law;

THIS COURT FURTHER FINDS that it has personal jurisdiction over Defendants since Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating at least the commercial, interactive Defendant Internet Stores through which Illinois

residents can purchase products bearing unauthorized copies of the Monster Energy Copyrighted Design[1] (including U.S. Copyright Registration No. VA 1-789-900) and/or using counterfeit versions of the MONSTER ENERGY Trademarks[2] (a list of which is included in the below chart) (such products collectively referred to herein as the "Unauthorized Monster Energy Products").

---

[1] "Monster Energy Copyrighted Design" has the meaning ascribed to it in Plaintiff's Memorandum in Support of its Motion for Summary Judgment [35] and the instant memorandum opinion and order.
[2] "MONSTER ENERGY Trademarks" has the meaning ascribed to it in Plaintiff's Memorandum in Support of its Motion for Summary Judgment and the instant memorandum opinion and order.

| No. | Registration Number | Registered Trademark | Registration Date | International Classes |
|---|---|---|---|---|
| 1 | 4,051,650 | | November 8, 2011 | For: Clothing, namely, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, sweat bands and gloves; headgear, namely hats and beanies in class 025. |
| 2 | 3,963,669 | | May 17, 2011 | For: All-purpose sport bags; all-purpose carrying bags; backpacks; duffel bags in class 018. |
| 3 | 3,963,668 | | May 17, 2011 | For: Stickers; sticker kits comprising stickers and decals; decals; posters in class 016. |
| 4 | 3,923,683 | | February 22, 2011 | For: All-purpose sport bags; all-purpose carrying bags; backpacks; duffle bags in class 018. |
| 5 | 3,908,600 | | January 18, 2011 | For: Stickers; sticker kits comprising stickers and decals; decals in class 016. |

| 6 | 4,011,301 | | August 16, 2011 | For: Sports helmets; video recordings featuring sports, extreme sports, and motor sports in class 009. |
|---|---|---|---|---|

THIS COURT FURTHER FINDS that Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114) for each of the six mark/good combinations, false designation of origin (15 U.S.C. § 1125(a)), violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, *et seq.*), and copyright infringement (17 U.S.C. §§ 106 and 501, *et seq.*).

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment and a Statutory Damages Award as to Defendants is GRANTED in its entirety, and that this Final Judgment is entered against Defendants.

IT IS FURTHER ORDERED that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with Defendants be permanently enjoined and restrained from:

   a. using the MONSTER ENERGY Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Monster Energy Product or not authorized by Plaintiff to be sold in connection with the MONSTER ENERGY Trademarks;

b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Monster Energy Copyrighted Design in any manner without the express authorization of Plaintiff;

c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Monster Energy Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the MONSTER ENERGY Trademarks and/or the Monster Energy Copyrighted Design;

d. committing any acts calculated to cause consumers to believe that Defendants' Unauthorized Monster Energy Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

e. further infringing the MONSTER ENERGY Trademarks and/or the Monster Energy Copyrighted Design and damaging Plaintiff's goodwill; and

f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the MONSTER ENERGY Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof and/or which bear the Monster Energy Copyrighted Design.

2. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from Defendants in the amount of one hundred thousand dollars for each of the six mark/good

combinations ($600,000 total) for willful use of counterfeit MONSTER ENERGY Trademarks on products sold through at least the Defendant Internet Stores. Defendants are jointly and severally liable for the total statutory damages award.

3. Pursuant to 17 U.S.C. § 504(c)(2), Plaintiff is awarded statutory damages from Defendants in the amount of fifty thousand dollars ($50,000) for willful copyright infringement of the Monster Energy Copyrighted Design. Defendants are jointly and severally liable for the total statutory damages award.

4. PayPal, Inc. ("PayPal") shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any China or Hong Kong based accounts connected to Defendants or the Defendant Internet Stores from transferring or disposing of any money or other of Defendants' assets.

5. All monies currently restrained in Defendants' financial accounts connected to Defendants or the Defendant Internet Stores, including monies held by PayPal, are hereby released to Plaintiff as partial payment of the above-identified damages, and PayPal is ordered to release to Plaintiff the amounts from Defendants' PayPal accounts within ten (10) business days of receipt of this Order.

6. Until Plaintiff has recovered full payment of monies owed to it by Defendants, Plaintiff shall have the ongoing authority to serve this Order on PayPal in the event that any new PayPal accounts controlled or operated by Defendants are identified. Upon receipt of this Order, PayPal shall within two (2) business days:
   a. locate all accounts and funds connected to Defendants or the Defendant Internet Stores, including, but not limited to, any PayPal accounts;

    b.    restrain and enjoin such accounts or funds that are China or Hong Kong based from transferring or disposing of any money or other of Defendants' assets; and

    c.    release all monies restrained in Defendants' PayPal accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

7. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defendants, Plaintiff may send notice of any supplemental proceeding to Defendants by e-mail at the e-mail addresses associated with Defendants as provided for Defendants by third parties.

8. Defendants shall pay Plaintiff reasonable attorney's fees and related costs for this action.

This is a Final Judgment against Defendants.


Dated: October 23, 2017

                                                                 Robert M. Dow, Jr.
                                                                  United States District Judge